Sbaweii, Judge,
 

 delivered the opinion of the Court:
 

 We have carefully examined the act of 1798,establish-ing a Court of Patents, in the hope we might be able to satisfy ourselves, that we are at liberty to determine this case upon principles of equity but the result is, that we find it impossible to do so, without a departure from the
 
 obvious
 
 meaning of the Legislature. The present proceedings are under that act, and besides the generality of the expressions used, the
 
 scire facias
 
 is directed to be awarded against the grantee, or patentee, the
 
 owner,
 
 or
 
 person claiming under such grant;
 
 and the act in substance declares, that if any grant shall appear upon verdict, or demurrer, to have been
 
 made against law,
 
 the Court shall vacate it: for us then to hold that the act did not extend to the case of an innocent purchaser, would be like adding a saving to the act of limitations. The Legislature, in its enumeration of cases, has mentioned precisely that in which the Defendant is placed; viz: a person claiming under the grant; and there is nothing from which it can be collected that he was to be more favoured than a purchaser with notice. This act, in its operation, must be construed like the act declaring gaming bonds void, by which, as the Legislature ias made no savings, all gaming bonds into whatever bands they may come, are absolutely void.
 

 Then as to the other part of the case, whether this jrant was made against law, we think there cam be no loubt. The act of 1777, pointed out in what manner
 
 *378
 
 grants should be obtained ,* and in the case of entry-takers, directs that they shall enter lands before a Justice o the Peace, to be returned to the County Court, and then ¿eciarog that entries by entry-takers made otherwise shall bo void, and liable to the entry of any other person. Miller, the grantee,
 
 was
 
 an entry-taker, and obtained this grant in defiance of the law, his grant therefore was against law. Any other construction .would be to render inefficient the principal object of the Legislature, which was to vacate the many grants that had been made, upon illegal entries, and illegal warrants. This act was passed immediately after the discovery of the improper practices that had prevailed in the several land offices, and from its scope, seems to comprehend every possible case.
 

 As to the act of limitations, there is no limitation prescribed by the act, and the 9th section gives the Court jurisdiction and cognizance of
 
 all
 
 grants made since the 4th of July 1776, by which it would seem, that it was the intention of the Legislature to exclude the operation of length of time. But if the acts of limitation did apply, there was not twenty years before the petitioner’s grant to bar the State; nor seven years afterwards, before the filing of this petition, to bar the petitioner. So that in no event, can the Defendant be aided. There must therefore be judgment for the petitioner that the grant be vacated.